RALPH G. PACKARD, PLAINTIFF IN ERROR, v. THE BERGEN NECK RAILWAY COMPANY.

1. A bill of exceptions must distinctly state and specify each exception, so as to show that the mind of the trial judge was particularly called to each several objection.

2. In condemning land for railroad purposes, the benefits conferred by the laying of the road cannot be set off against the damages sustained by the landowner.

This writ of error was to the Circuit Court of the county of Hudson, in case of an appeal to that court from the award of commissioners in a proceeding to condemn land of the plaintiff in error for the use of the road of the defendant in error.

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Charles W. Fuller* and *Joseph D. Bedle.*

For the defendant, *Dickinson & Thompson* and *Collins & Corbin.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   After a careful examination of the proceedings at the trial of this cause, our conclusion is that the judgment should be affirmed.

In arriving at this result, we have been encountered by a single difficulty.   It seems to us that the rule by which the damage done to the lands of the plaintiff in error was to be appraised, was not strictly correct.   That rule was thus expounded :  The jury, after being told that they were at liberty to blend in their estimate of the damages the value of the land taken and the damages done to the other part of the land of the plaintiff in error, were further instructed in these words, viz. :  "And if you conclude to present one sum only, then the question may very properly be presented to your minds in this way :  What was the fair market value of the property owned by Mr. Packard and affected by this condemnation just as it stood on the 13th of March ? and what would have been the fair market value of that same property, if, on that day, this railroad had been constructed across it upon an embankment not over six feet above high water ?   The difference between these two sums would represent the compensation to be awarded in this case."

This test of the damages was plainly erroneous, because its tendency was to lead to a deduction by the jury from the damages which had been inflicted on these lands, the benefits that had been conferred on them in common with all other lands in the vicinage by the location of the railroad.   It has long been settled that such enhanced value is not to be discounted from the damages for which the landowner is to be compensated, and, undeniably, such increment in value must of necessity be represented in an estimation of the market value of the property as it existed after the laying of the railroad.

But while we think this rule as to the ascertainment of these damages was incorrect, we are also satisfied that the plaintiff in error has sustained no loss by the inadvertence. The circumstances in this case, as exhibited at the trial, make-

it clear that this road could not have had any effect in the way of adding anything to the salable value of this property, and, consequently, the landowner would not have been benefited if the rule of damages had in this connection been formulated in the charge with the utmost nicety. Therefore, as the case stands, the objection in question is purely technical, and can serve no purpose except to defeat a procedure which in all other respects was regular and legal.

It is obvious that an exception of such practical worthlessness should not be permitted to prevail, except from the coercion of unavoidable legal rules, and such is not the *status* of the present objection. We think it was not presented to the judge at the trial with that distinctness required by the law, and, therefore, it will avail nothing at this stage of the suit. The statement in the record touching this matter is as follows, viz. :

" Counsel for the defendant also prayed a bill of exceptions to that part of the charge of the court which permitted the jury to estimate damages in an aggregate sum based upon the difference between the fair market value of the property owned by Mr. Packard and affected by the condemnation as it stood on the 13th day of March, 1890, and what would have been the fair market value of the same property, if, on that day, the railroad had been constructed across it upon an embankment not over six feet above high water, and that the difference between those two sums would make the defendant whole, which bill of exceptions is allowed, and signed and sealed accordingly, subject to the charge as above given in full.

" JONATHAN DIXON, [L. S.]
*"Justice Supreme Court."*

Among the contents of this bill the counsel of the plaintiff in error, in his brief, has endeavored to establish that there are at least four essential errors in law—(1) that the value of the land taken and the damages to the residue of the land could not legally be embraced in one aggregate sum ; (2) that

the estimate was to be made on the theory that the tract was to be crossed on an embankment not over six feet above high water; (3) that this judicial statement was too uncertain to be comprehended by the jury, and (4) that the deduction, in the manner already stated, of the market value of the land, after the laying of the road from its valuation prior to such event, was erroneous.

It thus appears that the counsel of the plaintiff in error, at the trial, embraced in a single bill of exception four alleged errors in the judicial charge without any attempt at specialization. On this review we have concluded that three of such supposed mistakes do not exist, and the fourth, although possessed of a certain technical life, we think cannot be noticed on this occasion.

It is, and has long been, settled in our legal practice that a bill of exception can have no legal operation whatever, unless each objection contained *in it* asserts a single and specific ground of error; each objection must fall unless it can be upheld *in toto.* This rule is not a formal one, but is necessary to a successful administration of justice in subjection to legal methods. Its *rationale* is this: To enable the judge conducting the trial, by having his mind called distinctly to his rulings or charge, to explain or amend his expression of the law as applied to the case. In the instance before us this was not done. If it had been done, there is every reason to believe the error in question would have been eliminated; therefore, the reason why such rectification was not made is, that this bill of exception was multiform when it should have been single, and was general when it should have been specific. The plaintiff in error cannot take advantage of his own remissness.

The rule of law above utilized has long been settled in this state. It was so regarded by Chief Justice Whelpley, in the year 1860, and he thus defines it, looking to previous authorities, in the case of the *Associates of the Jersey Company* v. *Davison,* 5 *Dutcher* 415, in these words, viz.: "A general objection to evidence, stating no reason, is insufficient; a general objection to a charge is of no avail. The bill must show

FEBRUARY TERM, 1892. 233

25 Vroom.          Costigan v. Pennsylvania R. R. Co.

that the precise point, of which a review is sought, was made by the counsel, presented to the mind of the court, and decided before the bill was sealed."

Let the judgment be affirmed.