ANDREW VAN BLARCOM, ADMINISTRATOR OF CHARLES
E. BROOKS, DECEASED, DEFENDANT IN ERROR, v.
THE CENTRAL RAILROAD COMPANY OF NEW JERSEY,
PLAINTIFF IN ERROR.

Argued November 28, 1905—Decided June 18, 1906.

1. In an action to recover damages for the death of plaintiff's intestate, claimed to have been occasioned by the negligence of the defendant, his employer, the trial judge, in his charge, told the jury that there were certain legal rules which govern the liability of the defendant, and then stated such rules. An exception to one of the statements, allowed generally, will bring it into review in a reviewing court, although the exception did not state the ground on which exceptant claimed that it was erroneous.
2. It was erroneous to instruct the jury that a railroad company owed to its employe, riding on its train in the course of his employment, the duty to use a high degree of care in the construction and maintenance of its tracks. *Smith* v. *Erie Railroad Co.*, 38 *Vroom* 636, followed.

On error to the Supreme Court.

For the plaintiff in error, *George Holmes*.

For the defendant in error, *William Mayo Atkinson*.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment of the Supreme Court brought into review by this writ of error affirmed a judgment of the Circuit Court of the county of Essex, entered upon a verdict of a jury in an action by an administrator to obtain damages on the ground of the death of his intestate, which was claimed to have resulted from the negligence of the plaintiff in error.

Of the numerous assignments of error presented in the Supreme Court and here, only one has been deemed of sufficient importance to require discussion.

The question is raised upon an assignment of error founded

upon an exception to a portion of the charge of the trial judge to the jury.

To make intelligible the point thus presented, it is proper to say that the evidence disclosed that the intestate was in the employ of the railroad company at the time of his death.

It appeared that he, with others, was riding upon a locomotive engine, after the close of their work, and were returning to the place where the locomotive would be left for the night, and they would go to their homes. While the locomotive was proceeding in that direction it left the rails, was overturned, and the intestate received injuries from which he died.

It is obvious, from these facts, that the question was whether the railroad company, the employer of the intestate, had failed in the performance of any duty which it owed to its employe. The evidence was directed to the negligence of the company in keeping its roadbed safe for the travel of the locomotive thereon.

This court has recently had before it for consideration the question of what duty a railroad company owes to its employes when they are required, in the performance of their duties, to travel on its trains. It was settled that a railroad company, which, like other employers of labor, is required to take reasonable care to provide safe places for its employes to perform their work in, is, upon the same principle, bound to exercise reasonable care to so construct and maintain the tracks and roadbed as to make them reasonably safe for such travel. It was declared that so far as the trainmen are concerned the tracks and roadbed come within the rule which imposes on the employer the duty to take care that the places in which, and the appliances with which, his employe is to work shall be reasonably safe for the purpose. *Smith* v. *Erie Railroad Co.,* 38 *Vroom* 636.

The exception on which the assignment of error now in question was based was directed to a passage from the charge of the trial judge, which reads thus: "In the first place, it was the obligation of this railroad company to use a high

degree of care to keep its roadbed in a safe condition for the uses for which it was designed."

The instruction was deemed to be erroneous by the Supreme Court, and we entirely concur in the view expressed in that court on that subject. The duty which devolved on the railroad company was limited to the exercise of reasonable care for the safety of its tracks and roadbed. That duty should have been placed before the jury, and they should have been directed to find whether the roadbed was in the condition which reasonable care would have produced. To direct them that the company owed a duty expressed by the words "a high degree of care" tended to mislead, and must have been injurious in its result.

Notwithstanding the Supreme Court was convinced that the charge in the respect complained of was erroneous, it declined to reverse the judgment, for the reason that the exception which was directed to the clause above quoted did not express the grounds upon which the direction of the trial judge was claimed to be erroneous, and therefore that the exception could not draw into review the alleged error.

This view, we think, was erroneous. The trial judge prefaced the instruction which was excepted to by a statement that the question for decision was as to the legal liability of the defendant, and declared that there are certain legal rules that govern such liability. Then followed the instruction excepted to.

The bill of exceptions was allowed generally, and the plaintiff in error was not required by the trial judge to insert in it the ground of objection. This court has declared that when an exception is prayed to a distinct and separate proposition of law laid down in a charge to a jury, and the trial judge allows it generally, the exception will draw into review any objection, on any ground, appearing in the bill of exceptions. A distinction exists between exceptions taken in the course of the trial and exceptions taken to the charge after the evidence has closed, and it was declared here that when a trial judge lays down in his charge a single legal proposition which a party deems erroneous and injurious, he

may specifically except to that proposition. Such an exception is an averment that the proposition, in its application to the case, is erroneous in point of law, and it will be available, although it does not state the argument or grounds on which error·is predicated. *Packard* v. *Bergen Neck Railroad Co.,* 25 *Vroom* 553; *Crater* v. *Binninger,* 4 *Id.* 513.

When the trial judge declared that he was laying down the legal rules respecting the liability of the railroad company, and then declared, as one of such rules, that the company was bound to exercise a high degree of care, an exception to that proposition was a claim that the instruction embodied therein, in its application to the case, was erroneous, and if the exception was allowed generally it is available in a reviewing court, although it did not state the grounds on which its erroneous nature was claimed.

As we find the rule of duty laid down was erroneously stated, the judgment must be reversed for a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, DILL.   11.