JOHN SMITH, DEFENDANT IN ERROR, v. ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF IN ERROR.

JAMES SMITH, DEFENDANT IN ERROR, v. ATLANTIC CITY RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued June 29, 1906—Decided March 4, 1907.

1. While an exception to a single legal proposition, contained in a charge to the jury, need not point out the grounds on which it is taken, unless the trial judge requires, it must bring to the mind of the trial judge the matter excepted to, either by a recital of the language used or of its very substance.

2. An exception to the "court's charge to the jury on the question of damages" is insufficient to bring into review any question as to the propriety of the charge on that subject.

On error to the Supreme Court.

For the plaintiff in error, *J. Willard Morgan* and *Clarence L. Cole.*

For the defendants in error, *John W. Wescott.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. These writs of error bring up for review judgments in the Supreme Court, affirming judgments of the Camden County Circuit Court upon verdicts of a jury. The actions were brought to recover damages resulting from a collision between a train of the plaintiff in error and a team belonging to John Smith, one of the defendants in error, and driven by James Smith, the other of the defendants in error. The causes were tried together in the Circuit Court and heard together in the Supreme Court.

The objection to the judgments is put first, and most strenuously, upon the ground that it was erroneous to deny the motion for a nonsuit or a direction for a verdict for the defendant below (who is the plaintiff in error), and that the

Supreme Court erred in approving such denial. An examination of the evidence in the bills of exception satisfies us that there were questions for a jury, and that it would have been erroneous to take them away by granting either motion.

It is next contended that there was an error in the trial from the refusal to permit the plaintiff below to be cross-examined with respect to the physical condition of the crossing at which the collision occurred, as exhibited by a photograph, marked for identification. The photograph had not been proved, and therefore it was proper to refuse to permit the plaintiff to be interrogated respecting it.

It is further contended that a hypothetical question, propounded to a physician on cross-examination, was erroneously admitted over objection, because it is said to have included a fact not appearing from the evidence. This contention is unavailable because an examination of the evidence discloses that it justified the finding of the very fact which it is claimed ought not to have been included in the question.

A further exception was taken to the charge of the trial judge, and this is its language: "The defendant's counsel prays a bill of exceptions to the court's charge to the jury on the question of damages to the plaintiff John Smith." The Supreme Court held that this exception did not bring into review the charge on the subject of such damages, because it did not point out to the mind of the trial judge in what respect the counsel thought the charge on that subject was erroneous.

In *Packard* v. *Bergen Neck Railway Co.,* 25 *Vroom* 553, it was held, in this court, that when an exception is prayed to distinct and separate propositions of law contained in a charge, the trial judge may allow each exception generally, or he may require the exceptant to state and insert, in the bill of exceptions, the ground or grounds of exception. The exception now before us is a general one, and the trial judge has not required it to contain the ground or grounds of objection. But the exception, nevertheless, is faulty. As was said by Chief Justice Hornblower, in *Potts* v. *Clarke, Spenc.*

536, the bill of exceptions to a charge which does not consist of a single legal proposition, must show the part or parts of the charge to which the exception was taken, and points out that this may be done by way of recital of the parts of the charge excepted to. This doctrine was approved in this court in the case of *Packard* v. *Bergen Neck Railway Co., ubi supra,* where the exception distinctly pointed out what legal proposition contained in the charge the exceptant objected to.

The exception now under consideration does not recite the language of the charge, or call the attention of the trial judge to the charge, either specifically or in substance. This loose practice is unfair to the trial judge and to the reviewing court. The trial judge may have inadvertently used language which expresses a view contrary to that which he intended to express. He may incautiously have used one word to express an idea when another word would have been more appropriate. If the language he has used is brought to his attention, his inadvertence or mistake would be instantly corrected. With such an exception as is now urged, no point is brought to the attention of the trial judge respecting his alleged error. Such an exception, moreover, requires this court to pick out from the charge whatever may have been said on the subject to which it is directed. We agree, therefore, in the conclusion reached in the Supreme Court, for the reason above given.

The judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   12.

*For reversal*—None.