EDGEWATER AND FORT LEE RAILROAD COMPANY, PLAINTIFF IN ERROR, v. THE VALVOLENE OIL COMPANY ET AL., DEFENDANTS IN ERROR.

Argued July 3, 1908—Decided March 1, 1909.

For the purpose of constructing its right of way across the defendant's premises, which consisted of a going oil refining plant, it became necessary to remove parts of the plant. At the trial of the appeal before the Circuit Court the parties proceeded upon the theory that the defendant was entitled to a readjustment and reconstruction of the plant under the new conditions. *Held,* it was for the jury, under instructions from the court upon the testimony, to determine what items of reconstruction were necessary to give to defendant an equivalent for what it had lost by the taking, and also the fair cost of such reconstruction.

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendants in error, *Edmund W. Wakelee* and *Henry W. Twombly.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff in error instituted the statutory proceeding for the condemnation of defendant's lands for the purpose of a right of way. Commissioners were appointed, an award was made, an appeal taken, and a trial had before the Circuit Court and a jury. Exceptions were sealed upon this trial, which were argued upon writ of error in the Supreme Court, where the judgment of the Circuit Court was affirmed, and upon that affirmance a writ of error was issued out of this court bringing up the record.

The oil company is a refiner and shipper of petroleum, with works situated at Edgewater, on the Hudson river, in the county of Bergen, owning two plots of land, including riparian rights, extending from the bulkhead line on the shore front

westerly across what is called the river road to the Palisades. Upon these lands were constructed tanks, stills, pipes, docks, buildings and machinery, forming a complete oil refinery plant. Some of these buildings and tanks were located upon the land taken by the railroad in this proceeding, and the case seems to have been tried upon the theory that reconstruction by the oil company of the parts of the plant taken by the railroad with its right of way would be more favorable to the railroad in any computation of damages than an assessment based upon the theory of a total destruction of the plant.

Prior to the condemnation, it appears the oil company used all the lands in its business, and the taking of the *locus in quo* necessitated a rearrangement, and to some extent a reconstruction of the plant. The shore road crosses the entire plant, running north and south, parallel with the river, and the land taken by the railroad adjoins this road on the river side, running in the same general direction, and is fifty-four feet in width by two hundred and ninety feet in length in the southerly section, and consists of fifty-four feet in width by three hundred and seventy-five feet in length in the northerly section.

The verdict of the jury was for $127,960.30, and the complaint of the plaintiff in error is substantially that the trial court erred in admitting certain elements of damages upon which this verdict is predicated. To give proper effect to these exceptions they must be considered in the light of the declaration made by the attorney for the railroad at the opening of the case in the Circuit Court, from which it appears that the railroad practically conceded that the theory upon which the case should be tried and the damages estimated, should be that of rearrangement and reconstruction, where necessary, of defendant's plant, and to that extent at least the adjudication of this court in *Hinners* v. *Edgewater and Fort Lee Railroad Co.*, 46 *Vroom* 514, is in point, and dispositive of the case at bar. As was said by Mr. Justice Garrison in that case: "Plaintiff in error having insisted upon this

scheme as one that reduced its damages, and having occasioned its submission to the jury, cannot now obtain a reversal of the judgment merely because of some academic or abstract errancy in such submission that was not as applied to the concrete scheme in question, injurious to the plaintiff in error."

The errors complained of result from the admission of testimony introduced by the defendant in error for the purpose of showing the cost of reconstructing its plant upon lines necessitated, as defendant conceived, by the changed conditions. It was upon that theory that the case was tried, and under it, while the defendant in error was not entitled to have a more costly plant, both the rules of law, as well as the intent of the parties as indicated upon this trial, require that it should have a full and perfect equivalent in productive power and capacity for what it had lost by the condemnation. *Packard* v. *Bergen Neck Railway Co.,* 25 *Vroom* 553; *Monongahela Navigation Co.* v. *United States,* 148 *U. S.* 312.

The rule is fundamental and familiar that it is a question for the jury to determine, under proper instructions by the court, upon the evidence, what elements of expenditure are necessary to render the landowner an equivalent for what has been taken. *Butler Rubber Co.* v. *Newark,* 32 *Vroom* 32; *Boom Company* v. *Paterson,* 98 *U. S.* 403.

And into this inquiry necessarily enters, for the purpose of fixing compensation, the inconvenience to which the owner of the land is subject during the pendency of the condemnation proceedings. *Shoemaker* v. *United States,* 147 *U. S.* 282.

Tested by this rule, we cannot perceive how the plaintiff in error suffered injury, as matter of law, by the submission to the jury of the questions of the necessity of building a new car house; and the moving of the boiler from one tract to the other; and the cost of a new pipe line from the upper to the lower yard; the installation of another pipe to warm the oil in its transmission; the renting of adjacent land for temporary use, pending the rearrangement of the plant; and the construction of an additional dock to provide facilities for shipment, as well as other items which were the subject of

controversy in this case and which, from the viewpoint of the defendant in error, were made necessary by reason of the changed conditions of operation of the plant to its former efficiency and capacity.

The charge of the learned trial court properly left the questions of the necessity of these constructions, and the quantum of cost, under the testimony, to the jury; and we do not perceive that the plaintiff in error suffered any injury in law thereby.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 13.

*For reversal*—None.