DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

NOVEMBER TERM, 1909.

---

EMIL J. BEURET, DEFENDANT IN ERROR, v. H. J. KOEHLER SPORTING GOODS COMPANY, PLAINTIFF IN ERROR.

Argued November 19, 1909—Decided February 28, 1910.

1. An exception, in order to be efficacious, must be specific, so as to convey to the mind of the court the precise question of law that is intended to be raised.
2. Where an exception to an instruction given to a jury is based upon a ground stated at the time, the review is confined to the specific ground of objection alleged.

---

On error to the Supreme Court.

For the plaintiff in error, *Ralph E. Lum.*

For the defendant in error, *Edward F. Merrey.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. Plaintiff brought this action to recover compensation for services rendered by him to the

defendant in the capacity of a salesman of automobiles, under a written contract, which in terms provided that he should have a salary of $20 per week during the continuance of the employment, besides certain commissions upon sales. The contract also contained the following clause: "It is further understood if services are satisfactory to us, if an average of $40 per week is not made, including the salary of $20 per week plus commission, etc., for the number of weeks beginning March 16th, 1908, and ending August 3d, 1908, inclusive, that the H. J. Koehler S. G. Co. will hand you the difference between the amount you have actually made and the amount made up of $40 per week for 20 weeks."

Plaintiff sued for compensation at the rate of $40 per week for the period of twenty weeks referred to, insisting that his services were satisfactory within the meaning of the contract. He recovered a verdict and judgment for the amount claimed.

It is contended in behalf of the plaintiff in error that in order for the plaintiff to recover he was obliged, not merely to show that his services were such that the defendant as a reasonable employer ought to have been satisfied, but to show that in fact the defendant was satisfied with his services, and it is insisted that there was no legitimate evidence tending to show the latter fact.

An attempt was made to raise this question in the trial court by a motion for nonsuit and a motion for direction of a verdict in defendant's favor, both of which were denied. But upon the argument here it was properly conceded by counsel for plaintiff in error that, irrespective of the soundness of his contention upon the point referred to, the motions were properly denied, because, beyond dispute, the defendant was indebted to the plaintiff for one week's services for which he had not been paid.

It was further urged, however, that the question debated here might be deemed to have been raised by an exception taken to the charge of the trial judge to the jury. The instruction given upon the topic referred to was as follows: "It is for you to say whether or not, under the evidence, the

plaintiff has complied with the terms of that contract, so as to have earned the money and made this defendant liable. The disputed point seems to be that there was a salary of $20 provided in the contract, and the balance of $20 should be made up of commissions as therein stated, provided the services were satisfactory to the defendant company. Now it is for you to say, under the evidence, whether or not these services were satisfactory, and whether or not the plaintiff earned this amount of money according to the terms of the contract."

The exception taken was as follows: "The defendant excepts to that portion of the court's charge in which the court stated that the jury might consider whether the plaintiff has complied with the terms of the contract, on the ground that it is not a question for the jury whether the plaintiff has complied with the terms of the contract, but whether the defendant is satisfied with the services of the plaintiff."

It is entirely settled that an exception, in order to be efficacious, must be specific, so as to convey to the mind of the trial judge the precise question of law that is intended to be raised. Where an exception to the instruction given to the jury is based upon a ground stated at the time, the review is confined to the specific ground of objection alleged. *Packard* v. *Bergen Neck Railroad Co.,* 25 *Vroom* 553, 558; *Addis* v. *Rushmore,* 45 *Id.* 649, 651, and cases cited; *Holt* v. *United Security Life Insurance and Trust Co.,* 47 *Id.* 585, 593.

The extract above quoted from the charge of the trial judge fairly gave the jury to understand that the question whether the plaintiff had complied with the terms of his contract, so as to have earned the additional compensation, turned upon the question whether the services performed by him were satisfactory to the defendant company.

The ground of objection raised in the exception taken, viz., "That it is not a question for the jury whether the plaintiff has complied with the terms of the contract, but whether the defendant is satisfied with the services of the plaintiff," did no more than to suggest to the mind of the trial judge the

very rule that he had adopted in his instructions. The exception, so far from raising in his mind the question whether there was any evidence fit to go to the jury tending to show that the defendant was satisfied with the services of the plaintiff, in effect conceded that there was such evidence by insisting that the question whether the defendant was satisfied was for the jury to decide.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF ·JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 15.

*For reversal*—None.