LOUIS N. BRADFORD, PLAINTIFF-RESPONDENT, v. JACOB COPLEMAN AND SAMUEL COPLEMAN, PARTNERS, TRADING AS COPLEMAN BROTHERS, DEFENDANTS-APPELLANTS.

HENRY STAUBACH, PLAINTIFF-RESPONDENT, v. JACOB COPLEMAN AND SAMUEL COPLEMAN, PARTNERS, TRADING AS COPLEMAN BROTHERS, DEFENDANTS-APPELLANTS.

Submitted May 2, 1933—Decided October 24, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellants, *Katzenbach, Gildea & Rudner* (*Louis Rudner,* of counsel).

For the respondents, *Nathaniel A. Jacoby* (*Emil Stremlau,* of counsel).

PER CURIAM.

Plaintiffs, in their respective actions, which were tried together in the Middlesex Court of Common Pleas, recovered judgments.

Plaintiff Bradford was the owner and driver of the car which collided with the truck of the defendant, and plaintiff Staubach was riding with Bradford on his invitation.

The complaint of Bradford charged the defendants with negligence in that they failed to have a rear light burning on their truck on the morning of the accident when visibility was bad because of fog.

The complaint of plaintiff Staubach charged defendants with negligence in that they permitted their automobile truck to be parked on a foggy morning without a light being displayed in the rear and also in that the truck was parked on the left southbound lane reserved for fast moving automobiles.

The accident occurred about five-fifteen on the morning of October 5th, 1931, on a highway leading from New York to Philadelphia at a point near Woodbridge, New Jersey.

The first point made by the defendants is that the court erred in charging the jury that it was incumbent upon the operator of the defendants' truck to use extraordinary care in its operation.

It appears that, prior to having charged the jury that the duty of extraordinary care devolved upon the defendants, the court instructed the jury that "these cases are subject to the general provision of law applying to plaintiffs and defendants alike, namely, that a person must operate his car in such a manner as a reasonable person would operate a car, taking into consideration the time, the place and the circumstances." No objection was made to that instruction, but it is contended that the judge erred in thereafter charging as follows:

"Here was a very foggy morning; both sides testify to that fact. And it was therefore incumbent upon the operators of both cars to use extraordinary care in the operation of their cars, and where they were on the highway after they were stopped, so that they would not endanger the lives and property of other persons."

An exception to that instruction was duly taken.

We think that this latter instruction was erroneous and prejudicial. The defendants were bound to exercise reasonable care towards other travelers—in other words, they must use that degree of care which an ordinarily prudent person would use under the same circumstances. *Spawn* v. *Goldberg,* 94 *N. J. L.* 335; 110 *Atl. Rep.* 565. Reasonable care means, not extraordinary care, but such as an ordinarily prudent person would exercise under the conditions existing at the time he is called upon to act. *Pesin* v. *Jugovich,* 85 *N. J. L.* 256; 88 *Atl. Rep.* 1101. The instruction that the defendants owed a duty of extraordinary care tended to mislead, and must have

been injurious in the result. *VanBlarcom* v. *Central Railroad Co.*, 73 *N. J. L.* 540; 64 *Atl. Rep.* 111.

The judgment will be reversed to the end that a new trial may be had. Costs to abide the result.