JOHN MURRAY, DEFENDANT IN ERROR, v. GEORGE
PFEIFFER, PLAINTIFF IN ERROR.

Submitted April 4, 1904—Decided November 14, 1904.

1. Where a party makes a contract in part for his own benefit,
and in part for the benefit of another, the omission to join the
latter in an action brought by the former for compensation under
the contract is not available in aid of a motion for nonsuit where
notice of non-joinder has not been given as required by the
Practice act. *Gen. Stat.*, *p.* 2539, § 37; *Pamph. L.* 1903, *p.* 544,
§ 36.
2. The federal statute providing for the appointment of deputy
United States marshals does not disable the marshal from em-
ploying a private citizen to perform services for him in aid of
his official duties.
3. Section 13 of the act of congress of May 28th, 1896 (*First
Session Fifty-fourth Congress, ch.* 252), providing that the ac-
counts of field marshals shall be paid by the marshals, and that
said accounts when made out in the manner prescribed by the
act shall be submitted to and examined by the Circuit Court or
District Court of the district, and when approved by the court
shall be audited and allowed as provided by law, imposes no con-
dition upon a private citizen who performs services for the
United States marshal.

On error to the Supreme Court.

For the plaintiff in error, *Queen & Tennant.*

For the defendant in error, *Alexander Simpson.*

The opinion of the court was delivered by

PITNEY, J. This was an action upon contract, brought to
recover compensation for services performed by the plaintiff
below for the defendant. The assignments of error are di-
rected solely to the refusal of the trial justice to grant de-
fendant's motions for nonsuit and for direction of a verdict
in his favor.

The defendant, Pfeiffer, was United States marshal for the
district of New Jersey. It appears that one Daly had been

a field deputy under Pfeiffer and had died, leaving a widow who was a sister of the plaintiff. Upon Daly's death Pfeiffer appointed one Masker as field deputy in his stead. Masker testified that he accepted the .appointment pursuant to an arrangement between him and Mr. Pfeiffer, by which he was to accept the position of field deputy for the purpose of assisting the widow Daly, and that her brother, the plaintiff, was to perform the duties of the office and collect the fees and turn them over to Mrs. Daly; that Pfeiffer agreed to this, and that thereupon Masker told Murray to proceed and execute the writs and conduct everything else pertaining to his duties and make out the bills to Mr. Pfeiffer. The plaintiff's claim was based upon services performed by him pursuant to this arrangement. There were numerous items, covering a period of nearly nine months. There was evidence from which the jury had a right to find that afterwards the defendant, with knowledge of the items of the plaintiff's claim, promised both verbally and in writing to pay it to the plaintiff, subject to a correct ascertainment of the amount due.

The motions for nonsuit and for direction of a verdict were based upon the ground that there was no privity of contract between plaintiff and defendant, because of the arrangement that the fees were to be turned over to the widow Daly; and upon the further ground that the federal statute requires the field deputy to verify a statement of his fees and expenses before payment thereof.

Upon the first point the jury had a right to find that the contract was made and the services performed by the plaintiff, in part at least, for his own benefit. It was hardly a reasonable interpretation of the testimony that the plaintiff was to perform the services *gratis* and Mrs. Daly to receive the entire compensation. Assuming it to be clear that she had some beneficial interest in the contract, it was not of such a nature that the trial judge could say, as matter of law, that she was entitled to the entire compensation. At best, the situation, perhaps, furnished ground for the defendant to call upon the court either to limit the plaintiff's recovery to such part of his

account as he individually was entitled to (*Brown* v. *Fitch,* 4 *Vroom* 418; *Stone* v. *West Jersey Ice Co.,* 36 *Id.* 203; *Karnuff* v. *Kelch,* 40 *Id.* 499), or else to require him to declare upon the record that the action was brought in part only for himself and in part for the use of Mrs. Daly. Mrs. Daly's interest in the contract, if it existed, did not justify turning the plaintiff out of court. The omission to join her as plaintiff was not available in aid of the motions for nonsuit and for direction of a verdict, because notice of non-joinder had not been given as required by the statute. *Gen. Stat., p.* 2539, § 37; *Pamph. L.* 1903, *p.* 544, § 36.

Nor could the trial justice say, in view of the evidence, that the contract for plaintiff's employment was made solely between him and Masker, leaving Pfeiffer liable solely to Masker. The appointment of Masker as field deputy did not disable Mr. Pfeiffer from employing the plaintiff to perform services for him, and the evidence justified the jury in finding that the plaintiff was thus employed by Pfeiffer through the instrumentality of Masker.

The federal statute that is cited as an obstacle to the plaintiff's action is the Legislative, Executive and Judicial Appropriation act of May 28th, 1896 (*First Session Fifty-fourth Congress, ch.* 252). Section 9 of this act places the United States marshals upon salaries instead of fees; section 11 provides for the appointment of deputy marshals, to be known as field deputies, who are to be entitled to certain fees and expenses; and section 13 provides that the accounts of the field marshals shall be paid by the marshals, and that said accounts, when made out in the manner prescribed by the act, shall be submitted to and examined by the Circuit Court or District Court of the district, and when approved by the court shall be audited and allowed as provided by law, that is to say, shall be paid from the federal treasury. This act clearly imposes conditions upon the marshal, compliance with which is necessary in order to enable him to recoup from the treasury any moneys he may pay to the field deputies. Whether it imposes a similar condition upon the right of a field deputy to recover

from the marshal is not so clear. But, however that may be, we agree with the learned trial justice that the statute imposes no condition upon a private citizen who, like the plaintiff, is not an official of the government.

No error appearing in the record, the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.