ANDREW VAN BLARCOM, ADMINISTRATOR, DEFENDANT IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, PLAINTIFF IN ERROR.

Argued November 1 and 2, 1904—Decided March 15, 1905.

1. A railroad company owes to an engineer employed by it in running a locomotive over its tracks the duty of exercising reasonable care to keep its tracks in a safe condition for this purpose.

2. In an action for the death of such employe, caused by a defect in the defendant's tracks, the jury was instructed that "it was the obligation of this railroad company to use a high degree of care to keep its roadbed in a safe condition for the uses for which it was designed." *Held*, that while this instruction is not approved, it affords no ground for reversal when the objection made to it at the trial failed to point out in what respect the language to which exception was prayed was either inadequate, misleading or lacking in precision.

---

On error to Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff in error, *George Holmes.*

For the defendant in error, *William Mayo Atkinson.*

The opinion of the court was delivered by

GARRISON, J.   This is an action for damages brought under the Death act.   The plaintiff having proved that the

death of his intestate was caused by the derailment of a
locomotive engine which intestate, as a servant of the de-
fendant, was operating over its tracks, and having pro-
duced testimony to the effect that such derailment was caused
by the defective condition of the defendant's tracks, the
pertinent rules of law were those touching the degree of care
owed by a master to his servant in this respect. The language
of the charge of the trial court, to which an exception was
sealed and upon which error has been assigned, was as fol-
lows: "It was the obligation of this railroad company to
use a high degree of care to keep its roadbed in a safe condi-
tion for the uses for which it was designed."

The fault of this instruction is that it does not indicate to
the jury that the duty of the defendant in regard to the
maintenance of its tracks was limited to the exercise of
reasonable care. The degree of care required of the defend-
ant is characterized by this instruction solely as "a high
degree of care," and as no standard of care is given it is
quite possible that the jury, although satisfied that the de-
fendant had exercised reasonable care, might still have found
it guilty of negligence because such degree of care appeared
to the jury to be the ordinary degree of care, and did not
seem to it to be a high degree of care. Indeed, in view of
the comparison thus implied, the expression "high degree
of care" is not the legal equivalent of reasonable care.

The jury should have been charged that the defendant
owed to the plaintiff's intestate the duty of exercising rea-
sonable care to keep its tracks in a safe condition. *Smith*
v. *Erie Railroad Co.,* 38 *Vroom* 636.

If such a request had been denied, or if after hearing the
charge of the court the defendant's counsel had by his ex-
ception directed attention to the respect in which the lan-
guage excepted to was inadequate, misleading or lacking in
precision, a substantial question of law would be presented
for our decision. That such question is not raised merely by
excepting to the language of a charge not erroneous *per se,*
is the established rule of appellate procedure in this state.

*Garretson* v. *Appleton,* 29 *Vroom* 386; *Van Alslyne* v. *Franklin Council,* 40 *Id.* 672.

We have examined the assignments based upon the denial of the motions for nonsuit and for the direction of a verdict, and find no error in those judicial rulings.

The judgment of the Circuit Court is affirmed.