ARMITAGE T. OAKLEY AND ANNIE K., HIS WIFE, DE-
FENDANTS IN ERROR, v. JOHN P. EMMONS ET AL.,
EXECUTORS OF ELLEN GILL, DECEASED, PLAINTIFFS
IN ERROR.

Submitted December 9, 1905—Decided February 26, 1906.

1. If the husband sues with his wife when she neither must nor may
   be joined the error is fatal; the result is the same although the
   meritorious consideration passed from the wife, unless it also
   appear that there was an express contract to pay the wife.
2. A verdict otherwise liable to reversal cannot be maintained upon a
   theory of the law contrary to that upon which the case was sub-
   mitted to the jury.
3. The verdict in this case must have been based upon the finding
   of an express contract with the wife. The case failing to show
   evidence sufficient to sustain such finding the rule to show cause
   is made absolute and a new trial is granted.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices HEN-
DRICKSON and PITNEY.

For the rule, *Isaac P. Runyon.*

*Contra, Winfield S. Angleman.*

The opinion of the court was delivered by

HENDRICKSON, J.    The defendants below seek to set aside
the verdict recovered against them at the Union Circuit.
The plaintiffs sue as husband and wife in *assumpsit* the
executors of Ellen Gill, deceased, to recover for services ren-
dered to her in her lifetime and during a period of about ten
years preceding her death.    She was a widow and lived dur-
ing this period in a small house in Plainfield, one of three
adjoining houses owned by her, one of which was occupied
by the plaintiffs as her tenants.    The suit was brought on
the common counts, the bill of particulars declaring the action

was brought to recover the value of services rendered to Mrs. Gill in her lifetime by the plaintiffs. The pleas were general issue and statute of limitations. The trial resulted in a verdict for the plaintiffs of $3,000.

Among the reasons for a new trial is the refusal to nonsuit or to direct a verdict for the defendants. The defendants invoke the principle declared by the Court of Errors and Appeals in *Garretson* v. *Appleton,* 29 *Vroom* 386, that if the husband sues with his wife when she neither must nor may be joined the error is fatal, and that although the meritorious consideration passed from the wife, she may not join in the action unless there is also an express contract with her, citing also *Peterson* v. *Christianson,* 39 *Id.* 392, to the effect that a husband should sue alone for the support in his own household of a third person, though the service consisted largely of the personal attendance of the wife, and contends that there is no evidence showing an express contract with the wife.

The plaintiffs reply in part that, even assuming the fact of misjoinder, the defendant could not now avail himself of this advantage, he having failed to give notice of misjoinder as required by the Practice act. *Peterson* v. *Christianson, supra; Murray* v. *Pfeiffer,* 41 *Vroom* 768. We need not now determine what would be the precise effect of the failure to give the statutory notice as applied to the facts in this case upon the question of misjoinder, for we could not maintain the verdict if otherwise liable to reversal upon a theory of the law contrary to that upon which the case was submitted to the jury. *Sensfelder* v. *Stokes,* 40 *Id.* 86. Whether it was essential to the plaintiffs' recovery or not in the present case, to prove an express promise by the deceased to pay the wife, the trial judge so held and so expressly charged the jury.

In this attitude of the case the question is, does the evidence sustain the finding which the verdict must involve, that there was an express contract by the deceased to pay Mrs. Oakley for the services. We think it does not. No one is produced who heard the contract or heard any state-

ment by the deceased that such contract existed. The evidence consisted largely of detailed conversations by the testatrix with third parties to the effect that she highly appreciated the services and attentions of the plaintiffs, that she intended to compensate the plaintiffs for these services, saying in one or two instances that she would see that they had a home and would remember them in her will. The evidence tended to prove that the services were not gratuitous and might properly support a suit upon an implied promise to pay for the services rendered but fail to prove the express contract alleged.

We also think that under the proofs the verdict was excessive. The evidence tended to show that until the last three years of her life the testatrix was generally about and able to care for herself, and that in the last three years she had servants to help her much of the time, and that the plaintiffs' services consisted mainly of taking to her a meal occasionally and going for a doctor a few times when needed. The evidence as to how many meals were served and as to how many times Mr. Oakley went for the doctor was exceedingly vague, and there was no attempt to prove the value of the services rendered. It was of undoubted value to the deceased to have an electric bell which she had connecting her room with the plaintiffs' house so that she might at any hour of the day or night call the plaintiffs if she needed anything, which she occasionally used, but still the verdict was clearly excessive.

So that upon both these grounds the rule must be made absolute and a new trial granted.