ISAAC W. CARR ET AL., TRADING, &c., DEFENDANTS IN ERROR, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 25, 1910—Decided March 6, 1911.

1. The existence of a trade custom put in issue by the defendant as a ground for the non-fulfillment of its contract as a common carrier presents a fact question for the jury.

2. Whether a common carrier fulfilled its contract of carriage within a reasonable time, and whether its non-fulfillment was excused by the conduct of the plaintiffs, and the situation created by them at defendant's terminal, were fact questions for the jury.

3. An exception to be noticed by this court must be founded upon some objection presenting a legal question which must be stated on the record.

On error to the Hudson Circuit.

For the plaintiff in error, *Max M. Stallman.*

For the defendants in error, *Edward P. Stout* and *Frank W. Hastings, Jr.*

The opinion of the court was delivered by

MINTURN, J. Our previous determination in this case (49 *Vroom* 692) was predicated upon the refusal of the trial court to admit evidence as between shipper and carrier of a custom in the business, which refusal resulted in the direction of a verdict for the plaintiff. Upon the retrial that testimony, with other testimony, was admitted for the purpose of exculpating the defendant, and upon the issue of fact thus formulated the jury found for the plaintiff the amount conceded by consent of the parties to represent the actual damage sustained.

The plaintiff's case was comprised in a written stipulation signed by counsel, from which the essential fact appeared that "the plaintiff caused to be shipped and defendant received at various points on its line and from connecting lines for shipment to plaintiff at the foot of Clymers street, Brooklyn, New York, various cars of apples, potatoes, cabbage and other produce."

The customary time occupied to lighter or ferry a carload of freight from defendant's rail terminal at Hoboken to its Brooklyn terminal is conceded to be twenty-four hours.

The cause of complaint alleged in the declaration is that the defendant carelessly and negligently held twenty-three carloads of the produce consigned to plaintiffs at Brooklyn, at its rail terminal at Hoboken for periods varying from seven to forty-one days, during which retention the produce was lost by deterioration.

The defendant met this claim by showing that its terminal at Brooklyn, known as Wallabout Market, was used by the shippers for vending their produce from the cars in which it was shipped. That the space for trackage was limited and

known to plaintiffs to be limited, so that defendant's custom was to hold the cars at the Hoboken terminal ready for flotation to the Brooklyn market when the car space at the latter place afforded sufficient accommodation for them. Evidence of this custom was furnished by defendant and denied by plaintiffs, and upon these facts the issue thus formulated was left to the jury under the charge of the court.

It is now contended that the court should have directed a verdict for defendant, and the case of *Laughlin* v. *Philadelphia and Reading Railway Co.*, 225 *Pa. St.* 540, decided by the Supreme Court of Pennsylvania, involving very much the same situation, is referred to as authority for the contention. But the differentiating factor in that case is that the defence of custom was there not only clearly proved but was conceded, and the inquiry was whether the existence of the custom excused the carrier from its common law duty of delivery within a reasonable time. Here the existence of the custom was denied, and the jury having found for the plaintiffs, we must assume its non-existence as a fact in the case.

The question of its existence, and whether, if it existed, it afforded an excuse to the defendant for its failure to deliver within a reasonable time, was a jury question. *Rice Ev.* 903; *Mears* v. *Waples*, 4 *Houst.* (*Del.*) 62; *Runyan* v. *Central Railroad*, 1 *Dutcher* 556.

Whether the delay in delivery, under the circumstances, was reasonable and justifiable, was a jury question. *Burr* v. *Adams Express Co.*, 42 *Vroom* 263; *Berg* v. *Rapid Motor Co.*, 49 *Id.* 724.

And, concededly, whether the damage complained of was superinduced in any degree by the plaintiffs' negligence was also a jury question. *Durant* v. *Palmer*, 5 *Dutcher* 544.

There is no substantial basis for the contention that the defendant was injured by the court's reference to the defence of custom, as the defendant's sole defence. We do not so construe the charge. It is manifest that the prime reliance of defendant was upon this evidence of custom, which had been rejected at the previous trial, and which rejection

presented to us *ratio decidendi* for a *venire de novo.* The trial court's attention doubtless was concentrated to some extent upon that fact; but our perusal of the charge, construing it as we must in its entirety, convinces us that the trial court intended no such discrimination, and that the jury could not reasonably be misled by the court's language to the defendant's detriment.

The portion of the charge to which exception is taken, which enunciates the rule that it was defendant's duty to notify the shippers of the condition at the Brooklyn yard which prevented delivery within a reasonable time, is not without judicial support as an abstract proposition. *Helliwell* v. *Grand Trunk Railway,* 7 *Fed. Rep.* 68; *Tierney* v. *New York Central and Hudson River Railroad,* 76 *N. Y.* 305; 6 *Cyc.* 465, and cases cited.

But, so far as its practical application to the situation in this case is concerned, it may be ignored as purely academic and harmless. The gravamen of the complaint is the failure of defendant as a common carrier to complete its contract, whereby loss ensued. The defendant meets the situation by alleging a condition at its terminal created by the plaintiffs themselves, which *ex necessitate* made delivery impracticable, if not impossible; and also the existence of a custom which negatived a breach of duty on its part. Such was the defendant's conception of the situation, and the relative rights and obligations of the parties, and upon that issue the case was tried. What defendant's duty would have been under a different situation, or under a different legal *status,* is entirely beside the question thus formulated, and the charge in this respect. therefore, could have no injurious consequences upon the real controversy thus formulated by the parties and must be construed to be harmless. *Knickerbocker Life Insurance Co.* v. *Trefz,* 104 *U. S.* 197.

The final objection to the legal correctness of the verdict obtained is based upon the overruling of an objection by defendant to testimony, and on exception entered thereunder, which urges for its sole support the statement that the in-

quiry was improper. The impropriety of the question presents no legal ground for overruling it, and without the presentation of a legal reason in the trial court for its rejection, we are unable upon this review to consider it here. *Garretson* v. *Appleton*, 29 *Vroom* 386; *United States* v. *Ewing*, 140 *U. S.* 142.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, JJ. 13.

*For reversal*—None.