EXILDA M. STEVENSON, DEFENDANT IN ERROR, v. JOHN N. AKARMAN, PLAINTIFF IN ERROR.

Argued March 12, 1912—Decided November 18, 1912.

Services rendered by a wife in the home of her husband to a lodger residing with them, even though they consist largely of the personal attendance of the wife, and include the nursing of the lodger when sick, are within the range of her domestic duties, and without an express contract or promise made by the lodger to the wife the latter cannot maintain an action against him, or, in case of his death, his executor, for the recovery of. compensation for such services.

On error to the Supreme Court.

For the plaintiff in error, *Bourgeois & Coulomb.*

For the defendant in error, *Ruliff V. Lawrence.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was brought by Mrs. Stevenson against the executor of Mrs. Annoria Pawl, deceased, to recover for services rendered to her as a nurse during the last seventeen months of her life.   The trial resulted in a verdict for the plaintiff, and the present writ of error is sued out by Mrs. Pawl's executor to review the judgment entered thereon.

The proofs on the part of the plaintiff showed that she is a married woman, and that during the period covered by the services which are the basis of her claim she resided with her

husband at their home in the village of Frenau; that Mrs. Pawl came to live with them as a boarder in March, 1909, and remained there until her death in July, 1910, paying her board each week; that during all of that period Mrs. Pawl was suffering with sciatic rheumatism, and required considerable care and attention, which was given to her by the plaintiff, who also acted as nurse for the invalid when occasion required, and that those services were rendered to her by the plaintiff without any promise on the part of Mrs. Pawl to make any compensation therefor. At the close of the plaintiff's case there was a motion to nonsuit upon the ground that the proofs disclosed no right of action on the part of the plaintiff against the executor of the decedent. The motion was refused, and in this we think there was error.

Services rendered by a wife in the home of her husband to a lodger residing with them, even though they consist largely of the personal attendance of the wife, and include the nursing of the lodger when sick, are within the range of her domestic duties, and, without an express contract or promise made by the lodger to the wife, the latter cannot maintain an action against him, or, in the case of his death, his executor, for the recovery of compensation for such services. The implied contract which the law raises in such a case is that the person to whom such services are rendered will make reasonable compensation therefor to the husband, and not to the wife. *Garretson* v. *Appleton,* 29 *Vroom* 386; *Peterson* v. *Christianson,* 39 *Id.* 392; *Oakley* v. *Emmons,* 41 *Id.* 206.

There having been nothing in the proofs offered on the part of the defendant to vary the situation as exhibited by the testimony in the plaintiff's case, the judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 13.