GEORGE T. VICKERS v. THE ELECTROZONE COMMERCIAL COMPANY.

Argued November 13, 1900—Decided February 25, 1901.

1. A contract in writing dated September 24th, 1897, was entered into between the electrozone company, a corporation conducting the business of manufacturing what is known as electrozone and medetrina, the party of the first part, and W. A. Mears and W. H. Hibbard, parties of the second part, whereby the parties of the second part agreed that they would order for the first year from and after the date of said agreement not less than one thousand gross of bottles of electrozone or medetrina, or both, and pay therefor $20 per gross of bottles, and in consideration thereof the electrozone company agreed to sell and deliver to the said parties of the second part said quantities of electrozone and medetrina at said prices. The declaration charged that the defendant did not purchase the quantity of goods specified in the period of one year from the time the agreement was made, but defaulted in the purchase of seven hundred and thirteen gross and ninety-four bottles. This suit is brought to recover damages represented by the loss of profits occasioned by the failure of the defendant to purchase the quantity of goods specified in said agreement. The contract

contained the following provisions: "If the parties of the second part shall fail to order and purchase from the party of the first part and pay for, during any one of the aforesaid periods, the amount of electrozone or medetrina in the last aforesaid article of this agreement provided to be ordered, purchased and paid for during said period, this agreement shall thereupon, *ipso facto*, and without any notice, action or proceedings on the part of the party of the first part, become null and void, and all rights and interests thereunder of the parties of the second part shall be immediately forfeited to the same extent as if this agreement had never been made." *Held*, that the right to rescind for the failure of the parties of the second part to perform their contract was conferred on the party of the first part, and did not include the right of the parties of the second part to work a rescission by their own breach of contract.

2. The contract sued on provided that "this agreement shall be binding upon the successors and assigns of the parties hereto." Contemporaneous with the making of this agreement, Mears and Hibbard assigned all their right, title and interest in and to the foregoing agreement to the Electrozone Commercial Company, and the Electrozone Commercial Company accepted such agreement, and the electrozone company thereby ratified and confirmed "such assignment and acceptance." This agreement was under seal and was signed by all the parties at that time in interest. *Held—*

1. That the general rule is that the liability to an action on a contract cannot be transferred or assigned. This doctrine rests upon the principle that the promisee cannot be compelled by the promisor or a third party to accept performance of the contract from anyone but the promisor. This rule is subject to some exceptions. Thus, the liability may be assigned with the consent of the party entitled, but this is in effect the rescission by agreement of one contract and the substitution of a new one, in which the same acts are to be performed by different parties.

2. The acceptance by the electrozone company of the assignee as the party to perform the agreement is clearly expressed in the assignment, and the contract of the defendant to accept the agreement shows the transaction to be an assumption by that company of the liabilities on the part of Mears and Hibbard expressed in the agreement.

On contract. Oyer and demurrer to the declaration.

Before DEPUE, CHIEF JUSTICE, and Justice DIXON.

For the plaintiff, *Corbin & Corbin.*

For the defendant, *S. Stanger Iszard.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. The electrozone company, a corporation created by the laws of New York, controlled a United States patent and certain trademarks for manufacturing what is known as electrozone and medetrina. The company, on the 24th of September, 1897, entered into a contract under seal with William A. Mears, of Philadelphia, and William H. Hibbard, of Buffalo, parties of the second part, and Albert Woolf, of the city of New York, of the third part. The contract was signed by the electrozone company, and also by Woolf, Mears and Hibbard. This contract became vested in the plaintiff in this suit by virtue of these assignments. The electrozone company assigned the contract and all rights of action and other rights thereunder to the Chemical and Electrical Company, May 29th, 1900. The Chemical and Electrical Company assigned said contract and all rights of action against the defendant, July 12th, 1900, to Clarence C. Curtis; Curtis assigned said contract, with all rights of action thereunder, to Barnes, July 25th, 1900; Barnes assigned said contract and all his rights of action under said contract to plaintiff, by deed of assignment dated August 28th, 1900.

The declaration contains two counts. The second count comprises the common counts. To this count the defendant joined issue. To the first count the defendant demurred, after craving oyer, and setting out the agreement which is in question in full. The second count in the declaration sets out the cause of action as follows: "Plaintiff, by his attorneys, complains for that whereas, heretofore, to wit, on the 24th day of September, 1897, the defendant accepted an assignment from William A. Mears and William H. Hibbard of a certain agreement with the electrozone company, a corporation of the State of New York, and assumed the obligations of said Mears and Hibbard under said agreement, by which agreement, also dated on September 24th, 1897, and assumption, the defendant agreed that it would order for the first year from and after the date of said agreement, not less than one thousand gross of bottles of electrozone or medetrina, or both,

and would pay therefor $20 per gross of bottles, and in consideration thereof, the electrozone company agreed to sell and deliver to the said William A. Mears and William H. Hibbard, and upon the said assignment to the said defendant the said quantities of electrozone and medetrina at said prices; and the said plaintiff says that said Mears and Hibbard did not order and pay for any of said bottles, and that although the defendant did purchase during said period of one year two hundred and eighty-six gross and fifty bottles of electrozone and medetrina, yet that they did not purchase one thousand gross thereof, but defaulted in the purchase of seven hundred and thirteen gross and ninety-four bottles, whereby the electrozone company, although ready and willing to perform the contract on their part, lost the profits to which they were entitled on the sale of said remaining bottles, to their damage ten thousand dollars." The suit, then, is to recover damages represented by the loss of profits occasioned by the failure of the defendant to purchase the quantities of drugs specified in this agreement.

The first and second causes of demurrer assigned are that the agreement contains in it a provision by force of which the failure by the party of the second part to perform the agreement, *ipso facto,* puts an end to it. The defendant, to sustain these causes of demurrer, relies on the fifth subdivision of the agreement, which is in these words: "If the parties of the second part shall fail to order and purchase from the party of the first part and pay for, during any one of the aforesaid periods, the amount of electrozone or medetrina in the last aforesaid article of this agreement provided to be ordered, purchased and paid for during said period, this agreement shall thereupon, *ipso facto,* and without any notice, action or proceedings on the part of the party of the first part, become null and void, and all rights and interests thereunder of the parties of the second part shall be immediately forfeited to the same extent as if this agreement had never been made."

It will be perceived in reading this part of the agreement that the right to consider the agreement as void, on the failure

of the party of the second part to comply with its terms, is conferred upon the party of the first part, and that all the rights and interests of the parties of the second part shall thereupon be forfeited, to the same extent as if this agreement had never been made. It would be an extraordinary construction of this agreement to make it confer upon a party the power to make his own default in not performing his part of the agreement a discharge of his obligation to perform it.

The suit in this case is for the failure to purchase the specified quantity of drugs for the first year of the contract, and there could be no breach until the end of that year, because the party had the whole year in which to order the required quantity. The argument of the defendant is that when the year ended and the breach became apparent, the buyer's liability at once terminated, and he ceased to be liable to answer for his breach in the past, and ceased to be bound to perform the contract in the future. The contract does not admit of such a construction. The right to rescind is conferred on the party of the first part, and does not include the right of the party of the second part to work a rescission by his own breach of contract. *Malins* v. *Freeman,* 4 *Bing. N. S.* 395. In *Doe* v. *Bancks,* 4 *Barn. & Ald.* 401, a lease of coal lands contained a proviso that the lease should be void to all intents and purposes if the tenant ceased working it at any time for two years. It was held that the lease was not absolutely void by the cesser to work, but voidable only at the option of the lessor. Chief Justice Abbott said: "I am of opinion that the legal effect of this instrument is that it is voidable only at the election of the landlord, and that he is at liberty to make the lease void at the end of any two years, during which two years there has been a continued cesser to work." Mr. Justice Bayley said: "The true construction of the proviso in this lease is that it shall be voidable only at the option of the lessor, and it does not lie in the mouth of the lessee, who has been guilty of a wrongful act in omitting to work in pursuance of his covenant, to avail himself of that wrongful act, and to insist that thereby the lease has become void to all intents and purposes." Mr. Jus-

tice Holroyd said: "The tenant cannot insist that his own act amounted to a forfeiture; if he could the consequence would be that in every instance of an action of covenant for rent brought on a lease containing a proviso that it should be void on the non-performance of the covenants, the landlord would be defeated by a tenant showing his own default at a prior period, which made the lease void." The judgment of the court was in favor of the landlord. To the same effect is *Rede* v. *Farr*, 6 *Mau. & Sel.* 121, 124.

The third cause of demurrer is of more importance. It calls in question the right of the plaintiff to hold this defendant liable for damages for the breach of the agreement. This count of the declaration is based upon the assignment made by Mears and Hibbard to the defendant and consented to by the electrozone company. It must be conceded that the assignee of an agreement of this character takes the assignment subject to all the rights of the other party. This would include an obligation on the part of the defendant to pay for any goods that it had ordered, but would not of itself include an obligation to respond in damages for its failure to accept all the goods that were stipulated for in the agreement.

The general rule is that the liability to an action on a contract cannot be transferred or assigned. This doctrine rests upon the principle that the promisee cannot be compelled by the promisor or a third party to accept performance of the contract from any but the promisor. *Ans. Cont.* 287; *Dic. Part.* 234. To this rule there are some exceptions. Thus, the liability may be assigned with the consent of the party entitled, but this is in effect the rescission by agreement of one contract and the substitution of a new one, in which the same acts are to be performed by different parties. *Ans. Cont.* 288; *Clark Cont.* 524, 525. The liability for a debt, though not assignable by the act of the debtor alone, may be transferred by a binding agreement between all the parties to the effect that the original debtor shall be discharged and a new debtor accepted in his place. * * * The same thing takes place when, by agreement between all the parties, liability is transferred from the original contractors

to one only of their number.  *Dic. Part.* 235; *Lyth* v. *Ault,* 7 *Welsby, H. & G.* 669, 672.

The plaintiff cannot maintain his action unless the transaction discloses a substitution of the assignee of the party of the second part, not only to the rights of the assignor, but to its liability to perform the covenants contained in the agreement to be observed by the latter. For it will be observed that this action is not for goods sold and delivered, but for the recovery of damages for the breach of a covenant. This result can be accomplished only by the consent of the Electrozone Commercial Company, the assignee, and of the plaintiff.

This count in the declaration sets out that the defendant agreed that it would order for the first year from the date of the said agreement not less than one thousand gross of bottles of electrozone or medetrina, or both, &c. But the plaintiff having made proffert of the agreement and the several assignments connected therewith, and the defendant having craved oyer and set out the agreement and the assignments at length on this demurrer, the question arises whether the averment contained in the declaration of the agreement on the part of the defendant is sustained.

In the first place, the assignment to the Electrozone Commercial Company, the defendant, by the electrozone company and Hibbard and Mears is dated the same day as the original agreement. The making of the agreement and the assignment to the defendant were contemporaneous acts. In the next place, the original contract contains this provision: "This agreement shall be binding upon the successors and assigns of the parties hereto." The assignment to the defendant is as follows: "William A. Mears and William H. Hibbard hereby assign all their right, title and interest in and to the foregoing agreement to the Electrozone Commercial Company, and the said Electrozone Commercial Company hereby accepts *such agreement,* and the electrozone company hereby ratifies and confirms *such assignment and acceptance;*" signed under seal by the electrozone company, by William H. Hibbard and William A. Mears, and also by

16          NEW JERSEY SUPREME COURT.

Ashhurst v. Atlantic Coast Elec. R. R. Co.          *66 N. J. L.*

the Electrozone Commercial Company. These signatures represent all the parties at that time in interest. The acceptance by the electrozone company of the assignee as the party to perform the agreement is clearly expressed in the assignment, and may be deduced from the fact that that company proceeded to deal with the subject-matter of the contract as if it had been transferred under the assignment. The language of the assignment is, it seems to me, entirely clear on that subject. Taken in connection with the fact that the agreement contained a clause that it should be binding upon the successors and assigns of the parties, the contract of the defendant to accept the agreement shows the transaction to be an assumption by that company of the liabilities on the part of Mears and Hibbard expressed in the agreement.

It is contended also that the plaintiff cannot maintain his action against the defendant for the reason that all the rights of action which are alleged to have passed to the plaintiff by several assignments were subsequent to the time of the breach of this contract. The right of an assignee to maintain an action on an agreement assigned to him is well settled in this state, without any question being made whether the contract was due or overdue. Citations are unnecessary.

The demurrer is overruled.