JOHN HOLLER v. P. SANDFORD ROSS (INCORPORATED).

Submitted July 8, 1901—Decided November 12, 1901.

1. This court, on a rule to show cause why a new trial should not be granted of an issue tried at the Circuit, will not consider questions embraced in exceptions reserved in the rule, and therefore it will not give its advisory opinion to a Circuit Court on questions embraced in exceptions reserved in a rule to show cause why a new trial should not be granted of an issue tried in that court.

·2. Under section 299 of the Practice act (*Gen. Stat., p.* 2534) rules of practice settled by judicial decision in the Supreme Court extend to the Circuit Courts. Therefore such questions are not pending, and do not present a case of doubt and difficulty to be certified, under section 247 of that act.

3. If, in a rule to show cause why a new trial should not be granted, there be reserved an exception to a refusal to take the case from the jury, which exception involves all the evidence in the cause, a reason assigned for new trial that the verdict is against the weight of the evidence should be struck out or disregarded. That reason is necessarily embraced in the exception.

On case certified from Hudson County Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Alexander C. Young.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

COLLINS, J. The plaintiff recovered a verdict for personal injuries inflicted by the defendant's servant, a watchman. A rule to show cause why the verdict should not be set aside and a new trial granted was entered, reserving the defendant's exceptions, among which were an exception to refusal to nonsuit and an exception to refusal to direct a verdict for the defendant, which involved all the evidence in the cause.

The following questions are certified for our advisory opinion, namely:

"*First.* Whether the question as to the act of the watchman, if proven being within the scope of his authority, was, under the testimony in this cause, a fact for the jury, or a matter of law for the court.

"*Second.* Whether the verdict of the jury was contrary to the charge of the judge at the trial.

"*Third.* Whether the verdict of the jury was contrary to the weight of evidence.

"*Fourth.* Whether the verdict of the jury was contrary to law.

"*Fifth.* Whether the damages found by the jury were excessive.

"*Sixth.* Whether the verdict should be set aside and new trial granted."

In the case of *Ashurst* v. *Atlantic Coast Electric Railroad Co.,* 37 *Vroom* 16, it was decided that, on a rule to show cause why a new trial should not be granted, of an issue joined in this court and tried at the Circuit, if exceptions are reserved in the rule, this court will not consider any question that is embraced within the exceptions. It follows that in a like situation of a Circuit Court issue such questions cannot be certified to this court for its advisory opinion, and, indeed, that the Circuit Court itself cannot consider such questions, for the practice settled in this court must prevail in the Circuit Courts. Section 299 of the Practice act (*Gen. Slat., p.* 2582) provides: "That the justices of the Supreme Court shall, and may, adopt uniform rules of practice in all matters not regulated by law for the government of the Circuit Courts, and the same, from time to time, alter, repeal and modify as occasion may require." This provision must be held to extend to rules of practice settled in decisions as well as to those formally promulgated as standing regulations. In the present case the rule to show cause was granted on the very day that the opinion on the Ashurst decision was filed, but the practice declared in that decision was not thereby newly settled, although it had not been stated in any case previously reported. The result is that, under the ruling stated, questions embraced in exceptions reserved in a rule to show cause why a new trial

should not be granted of an issue formed and tried in a Circuit Court are not pending in that court, and therefore do not present a case of doubt and difficulty, for which case only the Practice act provides certification for the advisory opinion of this court. *Gen. Stat., p.* 2574, § 247.

The first question certified to us is necessarily involved in the exceptions to the refusal to nonsuit or direct a verdict, and therefore cannot be considered.

The second question we answer in the negative.

To the fourth question we respond that the verdict of the jury was not contrary to law, unless it was erroneous to submit the case to the jury, which is a question embraced within the exceptions, or unless the court erred in the matters which were the subject of special exceptions.

Under the Ashurst case the third question also is embraced in the exceptions. In that case there had been refusal to nonsuit or direct a verdict for the defendant, and this court therefore struck out from the reasons assigned for a new trial one that the verdict of the jury was contrary to the weight of the evidence. Why this view was taken is not expressly stated in the report of the case, but the reason is plain, namely, that where all the evidence in a cause is involved in a motion to take the case from the jury it would be impossible to determine that the verdict was not contrary to the weight of evidence, without necessarily determining that the refusal of the motion was right; for evidence that is not sufficient to warrant submission of a plaintiff's case has no weight in law. Of course, the opposite determination need not require consideration of the legal questions raised upon the motion, but it would not be just to subject a plaintiff to the hazard of a procedure in which there is a lack of mutuality and force him to another trial with those questions still unsettled. This leaves only the fifth question, for the sixth one depends on the others.

Of course, damages are properly reviewable on rule to show cause, although exceptions are reserved; but to this court's reviewing them on a certified case there is the insuperable objection that to do so involves the determination only of a matter of fact. The power of the Circuit Court to certify

questions for the advisory opinion of this court extends only
to. matters of law. It has been expressly decided that whether
or not damages awarded by a jury are excessive cannot be cer-
tified. *Murray* v. *Paterson Railroad Co., 32 Vroom* 301.