S. B. ELLIS COMPANY, APPELLEE, v. GEORGE C. EYTH, APPELLANT.

Submitted March 23, 1903—Decided June 8, 1903.

1. A failure to object to a formal and amendable defect in the state of demand before the District Court is a waiver of the objection.
2. This court will not reverse a finding of fact by the District Court which is supported by evidence.

On appeal from First District Court of Jersey City.

Before Justices DIXON, GARRISON and SWAYZE.

For the appellee, *Carrick & Wortendyke.*

For the appellant, *Potts, Midlidge & Higgins.*

The opinion of the court was delivered by

SWAYZE, J.   Two reasons are relied on for the reversal of the judgment rendered in favor of the plaintiff below.

*First.* The state of demand was defective in that claim was made, among other items, for a "balance" of $58.60, without setting out the specific items of the account from which the balance arose.   No objection was made at the trial to the state of demand.   It is not now suggested that the balance as claimed is not due the plaintiff.   The objection is purely formal, and if it had been made at the trial the state of demand might have been amended.   The objection now comes too late.   *Steward* v. *Sears,* 7 *Vroom* 173, a case in which no state of demand was filed.

In *Butts* v. *French,* 13 *Vroom* 397, there was a fatal variance between the state of demand and the proofs.   This objection was duly made before the justice, so that the plaintiff had opportunity to amend.   This he failed to do.   On the trial of the appeal before the Common Pleas the same variance appeared as before the justice, and the plaintiff, under the statute, was then precluded from making an amendment.

If the defendant had renewed the motion to nonsuit made before the justice, the plaintiff's case would have failed. No such motion was made by the defendant, and this court held that he was precluded from raising the question here.

The rule was applied in a case of summary proceedings between landlord and tenant in *McQuade* v. *Emmons,* 9 *Vroom* 397, and in a case under the Forcible Entry and Detainer act, in *O'Hagan* v. *Crossman,* 21 *Id.* 516.

*Second.* The state of demand, in addition to the item already mentioned, contained items under four different dates. The amount of each of these items was paid on the delivery of the goods. The defendant urges that these payments should be appropriated to these four items. The plaintiff has applied them generally on account and thereby reduced the balance claimed upon the earlier portion of the account to $58.60, as above stated. No doubt, if nothing more had appeared than the fact of the payment of the exact amount due for each lot of goods, upon their delivery, the necessary inference would have been that the payments were to be appropriated to those particular items. There was evidence, however, that the payments were made generally on the account. This was disputed, but the trial court having found against the defendant on evidence upon which its finding may be supported, we will not reverse that finding. The principle has recently been restated and the earlier cases collected in *McAdam* v. *Block,* 34 *Vroom* 508.

It is argued that the plaintiff should not be heard to say that the payments were appropriated to the earlier items of the account, because evidence of the previous indebtedness could not legally be given under the state of demand. This argument obviously rests upon the insufficiency of the demand for the balance due upon the earlier portion of the account. If the objection had been raised at the trial, an amendment could have been made setting out the earlier items, both of debit and credit, and this argument would have then been without force. It is too late to urge it now.

The judgment is affirmed, with costs.