PATRICK O'DONNELL, PLAINTIFF AND APPELLEE, v. FRANK M. WEILER, DEFENDANT AND APPELLANT.

Argued June 8, 1904—Decided February 27, 1905.

1. Before the court is required to entertain the challenge of a juror to the favor, the grounds of the challenge must be stated, that the court may see that what is alleged as a ground of challenge would, if proven, be sufficient to sustain such a challenge.

2. No formal pleadings are required in a suit in a District Court. The state of demand need only state a cause of action in such form as will make it appear what the plaintiff's cause of action is.

3. On appeal this court will not consider an alleged error not in any way brought to the attention of the trial judge and not shown, in the state of the case, to have been excepted to or in any way raised before him.

On appeal from the First District Court of the city of Newark.

Before Justices FORT and PITNEY.

For the appellant, *Andrew A. Chambers.*

For the appellee, *James M. Trimble.*

The opinion of the court was delivered by

FORT, J. The first objection in this case is stated in the record in this way: "Before the jury was sworn, counsel for the defendant interposed a challenge to the favor; no ground was given for the challenge and the same was denied."

Whether the challenge was to the whole jury, just before it was sworn, or to the individual jurors as they were called, is not made clear, but in either event the ruling of the court was correct, as no grounds were given for the challenge. Challenges of jurors to the favor must be to them individually, and not to the whole panel as they sit in the box ready to be sworn. Chief Justice Hornblower, in *State* v. *Spencer,* 1 *Zab.* 197, says: "All challenges to the favor are grounded

on some facts or circumstances showing a probability that the juror is favorable to the one party or the other, but not amounting to a ground of principal challenge. All challenges to the polls, either principal or to favor, may be made *ore tenus,* but must be distinctly or specifically made before they are tried, so that the court may see what is the legal character of the challenge."

It has always been considered that a challenge must contain an allegation of the grounds of the challenge. A mere statement, "I challenge this juror to the favor," is not sufficient. The ground of the challenge must be stated, that the court may see that what is alleged as a challenge to the favor would constitute a good ground for sustaining such a challenge if it were established by the proof. A challenge to the favor, for instance, "because the juror is a neighbor," is not a legal challenge, and need not be tried, because, if proven, it would not avail for such a cause. *Jones* v. *Butterworth, Penn.* 456.

The next objection is to the state of demand. The statute declares that proceedings to dispossess had by virtue of the Landlord and Tenant act "shall not be appealed from or removed by *certiorari;* but the landlord shall remain liable in an action of trespass for any unlawful proceedings under this act." *Pamph. L.* 1903, *p.* 29, § 7.

No formal pleadings are required in a suit in the District Court. The state of demand need only state a cause of action in such form as will make it to appear what the plaintiff's cause of action is.

Under the state of demand in this case it would be difficult to determine just what style of action the plaintiff intended his suit to be; probably the statement in the demand, "whereby the said plaintiff * * * was, with his family, ejected, expelled, put out and removed from the possession, use, occupation and enjoyment of the apartments aforesaid," might be considered, under the informal requirements as to the pleadings in the District Court, to state an action of trespass, at least an action of tort, as such actions are now styled.

In such a suit as this there is no requirement in the plaintiff

to set out in his state of demand that he was dispossessed under proceedings taken under the Landlord and Tenant act. He should declare in trespass, and the defendant may set up in his plea, or prove in the District Court, where no plea is required, the proceedings and warrant, under the Landlord and Tenant act, and the facts that entitled him to possession, as his justification for the trespass upon the possession of the plaintiff.

The defendant must prove the fact that his proceedings to dispossess were pursuant to and in conformity with the statute where he relies upon the statute for his right to dispossess. *Hopper et al.* v. *Chamberlain*, 5 *Vroom* 220.

While we think the demand in this case may be defective, the case was tried upon the real issue and the state of demand will be considered as amended.

Reversal is also asked, and was strenuously urged on the oral argument and upon the brief, because of certain alleged errors in the charge of the court to the jury in this case. It is a sufficient answer to say that the state of the case does not show that the court's attention was in any way called to these alleged errors, nor does the case, as stated, show that objection was made thereto at the time.

The act of April 3d, 1902, providing for appeals to this court from a District Court (*Pamph. L., p.* 565), provides that "if either party in any action or proceeding in any District Court * * * shall be dissatisfied with the determination or direction of said District Court in point of law or upon the admission or rejection of evidence, such party may appeal from the same to the Supreme Court," &c. The appeal is to be in the form of a state of the case agreed upon by the parties or their attorneys, or as stated by the judge. No formal exception is required to be sealed, but the state of the case must show in some way with what rulings the appellant was dissatisfied.

It must appear in the agreed case that objection was made to a ruling on the admission or rejection of the evidence alleged to have been wrongfully admitted or rejected, or that the attention of the court was called to language in the

charge thought to be objectionable, or that a motion to non-suit or direct a verdict was denied, or the like.

The District Court will not be reversed for alleged errors allowed to pass without objection or exception at the time they are made.

It is a fundamental rule in the administration of justice that a party will not be permitted to reverse upon a ground not called to the attention of the trial judge at the time of making the alleged error. *Garretson* v. *Appleton, 29 Vroom* 386.

The state of the case under the act of April 3d, 1902 (*Pamph. L., p.* 565), is similar to that required by the District Court act of 1873, as it originally existed, as applicable to the District Courts of the city of Newark. *Pamph. L.* 1873, *p.* 245. The practice on appeal under that act was settled.

Mr. Justice Depue, in Benedict *v.* Howell, said: "What the state of the case shall contain will depend on the nature of the legal decision to be reviewed. If the objection is to the rejection or admission of evidence, the state of the case should comprise so much of the case and of the prior evidence as will fairly present the legality of the judge's ruling. If the case be tried by a jury and exception has been taken to the charge, it should contain so much of the evidence as will submit to the Court of Common Pleas the propriety of the instructions given. If the case be tried by the judge and the complaint is of the legal principles on which the issue was decided, it should contain only the facts as found by the judge, his determination in that respect being final." *Benedict* v. *Howell, 10 Vroom* 222.

On appeal, this court will not consider an alleged error not in any way brought to the attention of the trial judge and not shown in the state of the case to have been excepted to or in any way raised before him.

There must be something in the agreed case to show what objections and exceptions were taken and to what they were taken, or what motion of the party appealing was overruled

or decided adversely to his contention in the District Court. It would be as unfair to this court as to the District Court to require it to go all through the agreed case to examine to see if it could not find some error of law, irrespective of whether it was or was not excepted or objected to in the District Court.

There are no errors on any of the grounds properly raised in the state of the case, and the judgment of the District Court is affirmed.