JOSEPH L. WILLIAMS, APPELLEE, v. M. T. CONNOLLY
CONTRACTING COMPANY, APPELLANT.

Submitted July 5, 1906—Decided November 12, 1906.

1. Under the act providing for appeals from city District Courts to
the Supreme Court (*Pamph. L.* 1902, *p.* 565), this court will not
review the findings of the District Court upon questions of fact
beyond inquiring whether there was any legal evidence upon
which the finding might be based.
2. Under the above act (*Pamph. L.* 1902, *p.* 565), in order that
alleged error of law may be reviewed, there must be something in
the state of the case to show that the question was raised in the
trial court.

On appeal from the First District Court of Jersey City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *Collins & Corbin.*

For the appellee, *Elmer W. Demarest.*

The opinion of the court was delivered by

PITNEY, J.  This was an action upon contract in which the
plaintiff sued to recover the balance due upon an account
for hauling pipe for the defendant in the month of Septem-
ber, 1903, and several succeeding months.  His charges
against the defendant aggregated $1,296.55, upon which
credits amounting to $1,184.81 were allowed, leaving a bal-
ance of $111.74 unpaid.  It was admitted upon the trial that
plaintiff's account was correct, excepting as affected by de-
fendant's claim to recoupment.

The hauling of pipe, out of which the plaintiff's charges
arose, was done under a contract entered into between the
parties on or about September 4th, 1903, defendant having
accepted plaintiff's written proposition bearing date that day,
which was as follows: "I propose to haul all the cast-iron

pipe from the cars on the Central railroad to the different points throughout the city of Bayonne where the pipe is to go for the sum of 80 cents per ton. All broken pipe to be left on the cars and not moved, and I to be responsible for breakage or any damage done to pipe in hauling them and putting them on the ground."

Defendant filed a notice of recoupment that included three claims. The first of these, for failure to haul certain pipe to the location where it was to go, by reason whereof defendant was obliged to hire men to do the work at a cost of $45.15, was conceded to be a just claim.

The second item of recoupment was for damage and breakage done to pipes in hauling them and putting them upon the ground, for which the plaintiff was responsible under the terms of his contract.

The third item was for failure of the plaintiff to remove the pipe from the cars of the railroad company promptly to the different points where the pipe was to go, by reason whereof defendant became liable to pay to the railroad company, and did pay, certain charges for demurrage.

The case was tried before the district judge without a jury. He gave judgment in favor of the plaintiff for the difference between the conceded balance due upon his account ($111.74) and the amount due to the defendant upon the first item of its notice of recoupment ($45.15), the difference for which judgment was rendered being $66.49.

From the state of the case, as settled by the trial judge, it appears that he disallowed the second and third items of recoupment on the ground that they were not substantiated by the evidence. As to the second item—that for broken pipe—the trial judge certifies among his findings of fact that certain pipes arrived broken upon the cars, and that while the contract contemplated that these were to be left upon the cars and not moved, the plaintiff, by consent of the defendant, and in order to prevent car demurrage being charged up against the defendant, removed such broken pipe from the cars; that plaintiff's agent took the bills of lading to the freight agent, had the condition of the broken pipe

noted upon the bills of lading and delivered these bills so noted to the defendant; that some time after the middle of December, 1903, defendant made a claim against the plaintiff for breakage of nine pipes, alleging damages to the amount of $181.48, which claim was allowed by the plaintiff and credited in his account. The claim under defendant's second item of recoupment was for six additional pipes, claimed to have been broken by the plaintiff in handling during the same period, for which, by mistake, as alleged, no claim was made when the claim for the nine pipes was made and allowed. The judge found that the claim that plaintiff had broken any more pipe than had been allowed for in the settlement of December, 1903, was not substantiated.

As to the third item of recoupment—that for car demurrage, occasioned by plaintiff's failure to promptly unload the cars—the trial judge found that by the custom of the railroad company all cars not unloaded within forty-eight hours after arrival at their destination, exclusive of Sundays and legal holidays, were charged for the excess time at the rate of $1 per car per day; that there was no express agreement that the plaintiff should be responsible for the demurrage, nor that he should remove the pipe within any specified time, and no evidence of delay on his part such as would charge him with negligence in the performance of his contract; that the facilities for handling cars laden with heavy freight at the Bayonne station permitted only three such cars to go at once upon the siding, and that they were shifted only once each day; that often there were cars waiting for a considerable period before being put upon the siding to be unloaded, and that the evidence failed to show the specific position of the cars upon which the defendant's pipe was loaded during the time for which demurrage was charged, and so this item of recoupment was held not to be established.

Defendant's appeal to this court is based upon *Pamph. L. 1902, p. 565,* and is limited to questions of law only. This court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the finding might be based. *Ellis*

*Company* v. *Eylh,* 40 *Vroom* 579; *Phelps* v. *Seymour,* 41 *Id.* 626; *VanVechten* v. *McGuire, Id.* 657; *Cosgrove* v. *Metropolitan Construction Co.,* 42 *Id.* 106; *Burr* v. *Adams Express Co., Id.* 263; *McLaughlin* v. *Beck, Id.* 380.

In order that alleged error of law may be reviewed, there must be something in the state of the case to show that the question was raised in the trial court. *O'Donnell* v. *Weiler,* 43 *Vroom* 142, 145; *Hanson* v. *Pennsylvania Railroad Co., Id.* 407.

The state of the case now before us does not show that any legal question was raised by the appellant in the trial court and there decided adversely to its contention. The ground suggested for reversal is that there was no legal evidence produced at the trial upon which the judge's findings of fact forming a basis for the judgment can be supported. In view of this suggestion the court made an order calling upon the trial judge to certify the evidence upon which such findings of fact were based. In obedience to that order the trial judge has certified the evidence called for. It is now argued (to quote the language of the brief) that as to the second item of the defendant's claim against the plaintiff, "the evidence did not justify the District Court in finding that the plaintiff did not break the pipe, but, on the contrary, shows that he did break them, and is therefore responsible to the defendant for their value." And as to the claim of demurrage the argument is "that the evidence did not justify the District Court in holding that plaintiff was not liable, but did show that the defendant should have been allowed $109.83, the amount of car service charges paid by it."

The peculiarity of the situation is that with respect to both of these claims the burden of proof was upon the defendant, and the finding of the trial judge was negative, to wit, that the defendant had not sustained the claims by evidence. Assuming there was some evidence tending to support these claims, and that it was uncontradicted, and yet the trial judge found that it was not sufficient to support the burden of proof, can we say that he erred in law? If there be error, is it not an error merely in determining questions

of fact? In *McLaughlin* v. *Beck,* 42 *Vroom* 380, the appellant had sued in the District Court to recover the amount of a judgment alleged to have been recovered by him against the defendant in a small cause court. The justice of the peace being dead, and it being shown that an unsuccessful search had been made for a record of the judgment, the appellant attempted to prove *aliunde* the existence and details of such judgment. Counter-proofs having been heard, the judge of the District Court found "that the testimony on the part of the plaintiff as to the search for the docket was sufficient to warrant the admission of secondary evidence, but that such evidence when admitted was insufficient to establish the existence of the judgment claimed by the plaintiff." This court held that the latter finding of fact was fatal to the appeal, not being subject to review in this court.

We find it unnecessary to determine whether a similar ruling should be made in this case, for, assuming that the judge's finding respecting the two disputed items of recoupment is open to review here, we find it fully justified by the evidence as returned.

With respect to the claim for pipe broken by the plaintiff, there was evidence tending to show that fifteen pipes in all were broken, for nine of which claim was made by the defendant against the plaintiff and by him allowed in the account. There was also evidence to the effect that some pipe arrived broken upon the cars (for which, of course, the plaintiff was not responsible). The only evidence tending to charge responsibility upon the plaintiff for breaking as many as fifteen pipes was that of Mr. Connolly, who said: "I went down to the work with the foreman, Burns, and I counted fifteen pipes which were cracked by being thrown off carelessly." This was very shortly after plaintiff had commenced hauling. It was reasonable for the trial judge to infer from this that Connolly intended to testify, not that he had seen fifteen pipes thrown off carelessly and thereby broken, but that he counted fifteen pipes previously broken, and inferred that they had been cracked by being thrown off carelessly. This is borne out by the evidence of Burns, who

testified that he kept track of all the broken pipe that he saw in the job, and did not know where they were broken. It was in evidence that Connolly had acquiesced in the practice of taking broken pipe from the railroad cars in order to avoid demurrage charges. All the evidence respecting broken pipe related to such as must have been broken prior to the settlement of December, 1903. There was no clear evidence that any mistake was made in preparing the claim that was then settled. Mr. Connolly testified: "It was an error in our office to charge for nine instead of fifteen pipes; it was a clerical error." But, so far as appears, he had nothing to do with the bookkeeping, nor with the preparation of the claim. The trial judge doubtless treated the testimony just quoted as embodying merely the inference of the witness, based upon information received from others. It is reasonable to so regard it.

In this state of the proofs the trial judge was justified in regarding the defendant's claim for broken pipe, made in December, 1903, and allowed by plaintiff, as the more reliable evidence of the true extent of plaintiff's liability for broken pipe.

With respect to the claim for car demurrage caused by plaintiff's neglect to promptly unload the cars, we assume that his contract required him to remove the pipe with reasonable promptness, in view of the known custom of the railroad company to charge demurrage on cars detained beyond a reasonable time. But the state of the evidence, in our opinion, fully justified the trial judge in holding that the defendant had not satisfactorily proved that the demurrage in question was caused by any negligence of the plaintiff. All the demurrage charges were rationally to be accounted for upon the theory that the limited facilities for handling cars at Bayonne had resulted in demurrage being charged before the cars were actually placed at the plaintiff's disposal for unloading.

The judgment under review should be affirmed, with costs.