MARTIN FRUEHWIRTH, PROSECUTOR, v. BOROUGH OF SOUTH AMBOY.

Argued November Term—Decided February 24, 1908.

On *certiorari* to review proceedings before the mayor for the violation of a borough ordinance under section 11 of the General Borough act (*Pamph. L.* 1897, *p.* 289), the failure of the record to show the evidence or a conviction as required by law is fatal if the proceedings are regarded as summary, and the failure to show a judgment is fatal if regarded as a civil action. Nor is the prosecutor precluded from raising these questions because he has proceeded by *certiorari* and not by appeal, or because the judgment has been satisfied.

On *certiorari.*

Before Justice SWAYZE.

For the prosecutor, *Alexander P. Maxwell.*

For the defendants, *Frederic M. P. Pearse.*

The opinion of the court was delivered by

SWAYZE, J. This writ brings up proceedings for violation of a borough ordinance, had before the mayor under section

11 of the General Borough act (*Pamph. L.* 1897, *p.* 289), which resulted in a fine of $10.

If we regarded proceedings under this section as summary in their character (*North Plainfield* v. *Goodwin,* 43 *Vroom* 146), the record fails to show the evidence or a conviction, as required by law.

If we regard the proceedings as a civil action (*Brophy* v. *Perth Amboy,* 15 *Vroom* 217), and subject therefore to the provisions of the act relating to courts for the trial of small causes (*White* v. *Neptune City,* 27 *Id.* 222; *Stokes* v. *Schlacter,* 37 *Id.* 247), the record fails to show a judgment, and this defect is fatal unless the prosecutor is prevented from raising the question. He is not prevented by the fact that he has proceeded by *certiorari* instead of by appeal to the Common Pleas, for the Borough act only allows the appeal when the penalty imposed exceeds $20. He is not prevented by the fact that he has paid the fine. In civil actions a judgment may be reversed on error, though it has been satisfied. *Tidd Pr.* 1033. The same rule has been applied to criminal cases where the sentence has been served or the fine has been paid. *Barthelemy* v. *People,* 2 *Hill* 248; *Commonwealth* v. *Fleckner,* 167 *Mass.* 13. As was said in the former case, "The payment or satisfaction of an erroneous judgment against a party can never be allowed as a bar to a writ of error, even in a case where we must see that no restitution could follow the reversal as a legal consequence, and no costs be recovered. An erroneous judgment against him is an injury *per se,* from which the law will intend he is or will be damnified by its continuing against him unreversed."

The proceedings must be reversed. The case in this respect is governed by *Stokes* v. *Schlacter, supra.*

We cannot regard the deposition of the mayor and correct the record thereby. The proper course was to rule the court below for a further return. *North Plainfield* v. *Goodwin,* 43 *Vroom* 146, 149.