JAMES DE JIANNE, PLAINTIFF AND APPELLEE, v. CITI-
ZENS' PROTECTIVE ASSOCIATION OF NEW JERSEY,
DEFENDANT AND APPELLANT.

Argued June 1, 1909—Decided November 22, 1909.

1. It is sufficient if the state of demand in an action in the District
Court states a legal cause of action, apprising the defendant of
the claim against him, and so stating it that it may afterwards
appear what was decided.

2. In an action in the District Court upon a covenant for the pay-
ment of money, the state of demand need not allege demand for
payment and refusal where demand for payment is not required
by the contract sued upon.

3. Where a contract for the sale of land contains a provision for
the benefit of the party of the first part that upon default of any
installment of payments for thirty days the contract should be null
and void, the party of the second part cannot take advantage of
his own default to work a rescission.

On appeal from the First District Court of the city of
Newark.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Alfred B. Cosey* and *Thomas S. Henry.*

For the appellee, *Edward I. Croll.*

The opinion of the court was delivered by

TRENCHARD, J.    This action was brought to recover the
moneys due under a written contract for the purchase of land.

Under the contract the defendant agreed to buy the land
for the sum of $22,500, subject to an $8,000 mortgage held
by the Mutual Benefit Life Insurance Company, and to pay
$100 a month until a certain time, and also to pay the plaint-
iff the interest on the mortgage, and interest at six per cent.
on the balance of the purchase price, "such interest to be paid
monthly and in addition to aforesaid monthly payments."

The $100 installments were paid and this suit is for the interest.

The trial judge, sitting without a jury, rendered judgment in favor of the plaintiff.

First, the defendant, who appeals, specifies as a reason for reversal that the state of demand does not show a breach of the contract. With respect to this specification it is sufficient to say that the demand contains, in effect, an allegation of the breach of the covenant to pay. That is sufficient. Technical accuracy of pleading is not required in the District Court. It is sufficient if the demand states a legal cause of action, apprising the defendant of the claim against him, and so states it that it may afterwards appear what was decided. *Patten* v. *Heustis, 2 Dutcher* 293; *O'Donnell* v. *Weiler, 43 Vroom* 142.

Secondly, it is said that the state of demand does not allege a demand for payment by the plaintiff and a refusal by the defendant. But demand for payment was not required by the terms of the contract and was therefore unnecessary and need not be averred in the state of demand.

Lastly, it is urged that the plaintiff could not recover because of a provision in the agreement that, upon default in any installment of payment for thirty days, the agreement should be null and void. But the right to consider the agreement void is a right conferred upon the party of the first part thereto, the plaintiff here. It would be an extraordinary construction of this provision to make it confer upon the other party the power to make his own default in not performing the agreement a discharge of his obligation to perform it. The true construction is that the party of the first part alone could rescind the contract, and the party of the second part cannot take advantage of his own default to work a rescission. *Vickers* v. *Electrozone Com. Co., 37 Vroom* 9.

The judgment of the District Court will be affirmed.